UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MATTHEW PAVLISIN,

        Plaintiff,

-vs-                                            Case No. 5:08-cv-298-Oc-10GRJ

CORRECTIONS CORPORATION OF
AMERICA, KEVIN HESSLER,
ALEXANDER DIAZ,

        Defendants.
_____

**O R D E R**

The Plaintiff, a former inmate at the Citrus County Detention Facility, has filed an eleven-count complaint against the corporation responsible for operating the Detention Facility, and two of its employees, alleging violations of his civil rights and various state law claims. (Doc. 2). The case is presently before the Court for consideration of the corporate Defendant's Motion to Dismiss Count V of Plaintiff's Complaint or in the Alternative Motion for More Definite Statement (Doc. 4), and the Amended Motion of Defendant Alexander Diaz to Dismiss for Plaintiff's Failure to State Causes of Action (Doc. 12).[1] The Plaintiff has filed a response in opposition to Defendant Diaz's amended motion (Doc. 14), but has not responded to Defendant Corrections Corporation of America's motion, and the time for responding has elapsed. For the reasons discussed below, the Court finds that the

---

[1] Defendant Diaz previously filed a motion to dismiss (Doc. 7), which he has now superseded by the filing of his amended motion. The Court will therefore deny the original motion to dismiss as moot.

corporate Defendant's Motion to Dismiss (Doc. 4) is due to granted, and Defendant Diaz's Amended Motion to Dismiss (Doc. 12) is due to be denied.

## **Factual Background and Procedural History**

The following facts are alleged in the Plaintiff's Complaint. The Plaintiff, Matthew Pavlisin, is a resident of Citrus County. Defendant Corrections Corporation of America ("CCA") is a Tennessee corporation authorized to do business in Florida. At all relevant times, CCA was the entity in charge of operations at the Citrus County Detention Facility, located in Lecanto, Florida. CCA obtained this authority through a contract with the Citrus County Board of County Commissioners and/or the Sheriff of Citrus County, Florida. At all relevant times, Defendants Kevin Hessler and Alexander Diaz were residents of Citrus County, Florida, and employees of CCA who worked at the Detention Facility.

From November 1, 2004 through December 31, 2004, Pavlisin was housed in the segregation unit of the Detention Facility. While in the segregation unit, Pavlisin was only allowed out of his cell for one hour per day. He was not able to see how his meals were prepared or served. The food was delivered through a slot in the segregation cell door.

Pavlisin contends that during his segregation, Hessler, Diaz, and several corrections officers urinated and defecated in his food and drink. Pavlisin complained to Diaz and other corrections officers that the food and drink smelled and tasted awful, but no one did anything in response to his complaints. Pavlisin alleges he was forced to consume the food and beverages against his will because the only other option was to starve or to

become dehydrated. As a result of being forced to eat the contaminated food and beverages, Pavlisin became sick and ultimately required hospitalization.

On June 23, 2008, Pavlisin filed suit against the Defendants alleging eleven claims: (1) a 42 U.S.C. § 1983 claim against Hessler and Diaz in their individual capacities and against CCA in its corporate capacity, for alleged violations of his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment (Count I); (2) a claim against CCA for intentional battery with vicarious liability (Count II); (3) claims of intentional battery against Hessler and Diaz (Counts III and IV); (4) claims of negligent hiring (Count V) and negligent supervision and retention (Count VI) against CCA; (5) a claim of intentional infliction of emotional distress against all Defendants (Count VII); (6) a claim of respondeat superior against CCA (Count VIII); and (7) claims of negligence against each Defendant (Counts IX-XI).

On July 23, 2008, the Defendants removed the case to this Court from the Fifth Judicial Circuit in and for Citrus County, Florida (Doc. 1). Following removal, CCA and Diaz filed motions to dismiss some of the claims against them and answers to the remaining claims (Docs. 3-4, 6-7, 11-12). Hessler has not filed an answer or otherwise responded to Pavlisin's complaint, and does not appear to have participated in this case in any manner to date.

## **Standard of Review**

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate." Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968). For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom. Jackson v. Okaloosa County, Fla., 21 F.3d 1532, 1534 (11th Cir.1994); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed R. Civ. P. 10(c); GSW, Inc. v. Long County, Ga., 999 F.2d 1508, 1510 (11th Cir.1993).

Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007). However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Center for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations omitted).

**Discussion**

I.  Defendant CCA's Motion to Dismiss or for More Definite Statement

CCA's motion focuses on Count V of the Complaint - the state law claim for negligent hiring. CCA contends that Pavlisin has not stated a claim upon which relief can be granted because he has failed to allege the elements of a claim for negligent hiring under Florida law. Pavlisin has not filed a response to this motion.

To state a claim for negligent hiring in Florida, a plaintiff must allege: (1) the employer was required to make an appropriate investigation of the employee and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of the employee for the particular duty to be performed or for employment in general; and (3) it was unreasonable for the employer to hire the employee in light of the information he knew or should have known. Malicki v. Doe, 814 So. 2d 347, 362 (Fla. 2002) (quoting Garcia v. Duffy, 492 So. 2d 435, 440 (Fla. 2d DCA 1986)). CCA argues that Pavlisin has not included any factual allegations concerning any of these elements, but instead has simply made vague and conclusory statements.

The Court agrees with CCA. Pavlisin's Complaint merely alleges that CCA knew, or should have known that Hessler, Diaz, and other corrections officers were unfit to perform their duties, and that despite this constructive or direct knowledge, hired and retained Hessler and Diaz. (Doc. 2, ¶¶ 48-49). These allegations are too broad and conclusory to meet even the very lenient notice pleadings standards of Fed. R. Civ. P. 8(a)

- they are merely a partial recitation of the elements of a negligent hiring claim. There is simply nothing in the Complaint explaining to any degree what information CCA knew or should have known, what type of investigation CCA should have done or was required to conduct, and/or how Hessler, Diaz, and other unknown corrections officers were unfit to perform their duties. See Willis v. Dade County School Board, 411 So. 2d 245, 246 n. 1 (Fla. 3d DCA 1982) ("[P]laintiff must allege facts showing that the employer was put on notice of the harmful propensities of the employee."); Giambra v. Wendy's International, Inc., No. 8:08-cv-2016-T-27EAJ, 2008 WL 5329300, * 2 (M.D. Fla. Dec. 19, 2008) (dismissing without prejudice claim for negligent hiring which was a "conclusory recitation of the elements" of such a claim). Pavlisin's failure to respond to this motion only further persuades the Court that dismissal of this claim is appropriate.

Because Pavlisin has not previously sought to amend his Complaint, and given CCA's alternative request for a more definite statement, the Court will dismiss this claim without prejudice, and allow Pavlisin leave to correct the deficiencies described herein.

II.     Defendant Diaz's Amended Motion to Dismiss

**A.     Statute of Limitations.**

Diaz first seeks dismissal of all state law claims against him (Counts IV, VII, and X) on the grounds that the applicable statute of limitations expired before Pavlisin filed his Complaint. Diaz relies on the recent Florida decision, Nicarry v. Eslinger, 990 So. 2d 661 (Fla. 5th DCA 2008), which clarified that Fla. Stat. §95.11(5)(g)'s one-year statute of

limitations applies to causes of action brought by a prisoner concerning both ongoing and isolated conditions of the prisoner's confinement. Because the acts which form the basis of Pavlisin's Complaint are alleged to have taken place between November 1, 2004 and December 31, 2004, and because Pavlisin did not file his lawsuit until June 23, 2008, Diaz contends that the statute of limitations has expired and that dismissal of all state law claims is warranted.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) based on statute of limitations grounds "is appropriate only if it is apparent from the face of the complaint that the claim is time-barred." Brotherhood of Locomotive Engineers v. CSX Transportation, Inc.,552 F.3d 1190, 1194 (11th Cir. 2008) (citing Tello v. Dean Witter Reynolds, Inc., 410 F. 3d 1275, 1288 (11th Cir. 2005)). Moreover, a claim that a statute of limitations has run is an affirmative defense, and the burden of proof lies with the party asserting the defense. Smith v. Duff and Phelps, Inc., 5 F.3d 488, 492 n. 9 (11th Cir. 1993); Harrison v. Thompson, 447 F.2d 459, 460 (5th Cir. 1971). A plaintiff is not required to negate an affirmative defense in his or her complaint. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

While Pavlisin's Complaint does set forth that the alleged incidents forming the basis of his claims against Diaz occurred between November 1, 2004 and December 31, 2004, the Complaint does not allege when Pavlisin knew or should have known of his injuries. The Complaint is also devoid of any allegations concerning when Pavlisin knew or should have know that Diaz caused his injuries by urinating and defecating in his food. As such,

it is not apparent from the face of Pavlisin's Complaint that his causes of action accrued more than one year before he filed his Complaint. See Keller v. Reed, 603 So.2d 717, 719 (Fla. 2d DCA 1992) ("Florida courts have held that the last element occurs, and thus the cause of action accrues, when the plaintiff knew, or through the exercise of due diligence should have known, of the invasion of his or her legal rights."); Board of Trustees of Santa Fe Community College v. Caudill Rowlett Scott, Inc., 461 So. 2d 239, 243 (Fla. 1st DCA 1984) ("Whether one by exercise of reasonable diligence should have known he had a cause of action against the defendant is, ordinarily, a question of fact which should be left to the jury."). See also Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003) ("the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.").

Diaz has therefore failed to meet his burden of establishing that the statute of limitations expired, and his motion to dismiss shall be denied on this ground.

**B.     Intentional Infliction of Emotional Distress**

Diaz also seeks dismissal of the intentional infliction of emotional distress claim (Count VII), on the alternative ground that Pavlisin has not properly stated a claim for relief.

The elements of a claim for intentional infliction of emotional distress in Florida are: "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been

8

severe." Hart v. United States, 894 F.2d 1539, 1548 (11th Cir.1990). Diaz contends that Pavlisin has not alleged that he suffered severe emotional distress, nor that any such distress could be attributed to Diaz's alleged misconduct. The Court disagrees. Pavlisin alleges in his Complaint that "as a direct and proximate result of Defendants' conduct, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, [and] loss of capacity for the enjoyment of life. . . ." (Doc. 2, ¶ 61). Pavlisin further alleges that Diaz's actions of urinating and defecating into his food "were done for the purpose of causing the Plaintiff undue emotional distress, mental pain, and anguish." (Id., ¶ 59). This is more than enough to meet Fed. R. Civ. P. 8(a)'s notice pleading standards. See also Twombly, 550 U.S. at ___, 127 S.Ct. at 1974 (noting that a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face.").[2]

**C.    Negligence**

Diaz's third basis for dismissal focuses on the negligence claim (Count X). According to Diaz, this claim must be dismissed because Pavlisin alleges that Diaz committed an intentional act when Diaz contaminated Pavlisin's food and drink. Under Florida law, an intentional act or battery cannot form the basis of a negligence claim. See Quilling v. Price, 894 So. 2d 1061, 1063-64 (Fla. 5th DCA 2005); City of Miami v. Sanders,

---

[2]The Court is further persuaded by the fact that Diaz has not provided any decisional authority establishing that dismissal of a claim for intentional infliction of emotional distress is appropriate merely where the plaintiff does not include the word "severe."

672 So. 2d 46, 48 (Fla. 3d DCA 1996); McDonald v. Ford, 223 So. 2d 553, 555 (Fla. 2d DCA 1969).

The Court agrees that a plaintiff cannot simultaneously obtain relief under both theories of negligence and intentional tort for the same conduct; however, such determinations are best left for the summary judgment stage or trial. Under the Federal Rules of Civil Procedure, a plaintiff is permitted to plead alternative and inconsistent theories of relief. See Fed. R. Civ. P. 8(d)(2); Lewis v. City of St. Petersburg, 260 F.3d 1260, 1263 (11th Cir. 2001). While the Court believes that this is a very close case, it does not appear that dismissal is warranted at this time.

## **Conclusion**

Accordingly, upon due consideration it is hereby ORDERED as follows:

(1) Defendant Corrections Corporation of America's Motion to Dismiss Count V of Plaintiff's Complaint or in the Alternative Motion for More Definite Statement (Doc. 4) is GRANTED. Count V of the Plaintiff's Complaint, the negligent hiring claim, is DISMISSED WITHOUT PREJUDICE;

(2) The Plaintiff may file an amended complaint correcting the deficiencies discussed above with respect to Count V within twenty (20) days from the date of this Order;

(3) The Motion of Defendant Alexander Diaz to Dismiss Count VII and Count X of Plaintiff's Complaint for Failure to State Causes of Action (Doc. 7) is DENIED AS MOOT;

(4)     The Amended Motion of Defendant Alexander Diaz to Dismiss for Plaintiff's Failure to State Causes of Action (Doc. 12) is DENIED;

(5)     The Defendants shall file their answers to all remaining claims within ten (10) days from the date the Plaintiff files his amended complaint, or, if he chooses not to amend his complaint, within ten (10) days from the date the Plaintiff's time limit to file his amended complaint expires, whichever is sooner.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 13th day of April, 2009.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record